## In re RUTLAND GROCERY CO.

### (District Court, N. D. Georgia. June 7, 1911.)

### No. 336.

1. BANKRUPTCY (§ 397*)—PARTNERSHIP—EXEMPTIONS.

On bankruptcy of a firm, a partner could not be allowed as exemptions against his creditors more than he had actually put into the business.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 397.*]

2. BANKRUPTCY (§ 400*)—RULINGS OF REFEREE—REVIEW.

Rulings of a referee on questions of fact in allowing exemptions will not be reversed unless clearly erroneous.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 400.*

Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

In Bankruptcy. In the matter of bankruptcy proceedings against the Rutland Grocery Company. On certificate of a referee as to the disallowance of certain claims of exemption. Affirmed.

O. N. Starr, J. M. Lang, and F. A. Cantrell, for objecting creditors. T. W. Skelly and J. G. B. Erwin, Jr., for bankrupt.

NEWMAN, District Judge. This case comes before the court on certificate from the referee as to the disallowance by the referee of certain claims of exemption.

The Rutland Grocery Company appears to have been a partnership composed of J. W. Rutland and O. E. Rutland. The referee says:

"J. W. Rutland inaugurated a business at Calhoun, Ga., in July, 1909, about one year before the filing of the voluntary petition on July 15, 1909, on an investment of approximately $500. Afterwards he invested about $600, making a total investment of about $1,100. A short time after the inception of the business he took into partnership O. E. Rutland, by selling to him a half interest in the business for $600. The two brothers then ran the business disastrously for about one year, supporting themselves and families from it during that time and incurred a total trade and other indebtedness of $3,133.58, still unpaid. According to the testimony of O. E. Rutland they put in altogether about $1,200. J. W. Rutland varies this a little by stating that other vague amounts were put in, making a total of something like $2,000. They now claim $1,600 in the shape of exemptions, which is some $500 more than they invested in the business originally, one year before, if O. E. Rutland testified correctly, and only slightly less than the first investment if J. W. Rutland is correct, which would seem a rather substantial bonus in addition to the support of themselves and families already obtained from the business."

The referee allowed J. W. Rutland $290 in household and kitchen furniture, etc., and O. E. Rutland $293 in household and kitchen

furniture, etc. He declined to allow them the additional exemption of $800 each, which the trustee had set apart by dividing the stock of merchandise equally between them at that valuation.

The finding of the referee as to J. W. Rutland is undoubtedly correct as to the transaction with reference to the piano, which I assume, although I have not the papers before me, was not scheduled among his assets.

[1] The other partner, O. E. Rutland, only put $600 into the business, and he clearly could not claim more as against his creditors than he actually put into the business.

In this court, In re Camp (C. C.) 91 Fed. 745, it is said (page 750) :

"But conceding, in view of what has been stated, that the bankrupt court, sitting in Georgia, and passing upon an exemption of a citizen of Georgia, would feel bound to allow an exemption to one partner out of the partnership assets, it is nevertheless perfectly clear that the partner seeking the exemption should have an interest in the partnership assets to the extent and to the amount of the exemption sought. If, on an accounting between the partners, the partner applying for an exemption would have no interest in the partnership effects as against the other partners, he would hardly be allowed to claim such an interest as against the creditors of the partnership."

Independently of this, I do not believe that it would be right to grant an exemption, under the facts of this case, further than the referee has approved it; that is, to O. E. Rutland for more than the amount of $293, as approved by the referee. He put $600 into this business, and lived off of it, according to the evidence, for about a year, and now proposes to take one-half of the partnership assets, amounting to $800, as against creditors to whom they owe over $3,000, and a large part of this being the purchase money for the stock sought to be so exempted.

I stated in a case some time ago that section 3380 of Hopkins' Code of 1911 appeared to apply to personalty, and I still think that is so, but it will be observed that section 3378 provides that in applying for an exemption:

"(2) The applicant shall also accompany his petition with a schedule containing a minute and accurate description of all real and personal property belonging to the person from whose estate the exemption is to be made, so that persons interested may know exactly what is exempted, and what is not.

"(3) For a failure to comply with this section, either in the original petition or amended petition * * * the ordinary shall dismiss the petition."

While section 3380 might, therefore, not apply to O. E. Rutland, it seems perfectly clear, according to their own contention as to what they believed they owned, that they failed to schedule real estate in Alabama, as a part of their assets, in the bankruptcy petition and in their application in connection with the allowance of an exemption.

[2] The case is not as clear as to O. E. Rutland as it is as to J. W. Rutland, but I am unwilling to disturb the action of the referee. Therefore the conclusion of the referee on the subject is approved, and only the exemptions of $290 and $293, respectively, will be allowed.